```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
-------------------------------------------------------X
David Bustillos,
                                                            Civil Action No.: 13-cv-1473
                            Plaintiff,

            -against-                                       COMPLAINT AND DEMAND
                                                            FOR TRIAL BY JURY
Commercial Recovery Systems, Inc.,

                            Defendant.
-------------------------------------------------------X
```

Plaintiff, David Bustillos, (hereinafter referred to as "Plaintiff"'), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant, Commercial Recovery Systems, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PARTIES

1. Plaintiff is a natural person and resident of the State of Washington, County of King, and at all relevant times herein, Plaintiff maintained his residence at 2405 S Star lake Road, Apt 48-103, Federal Way, Washington 98003.

2. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

3.     Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of Washington, with its principal place of business at 8035 East R. L. Thornton Freeway, Suite #220, Dallas, Texas 75228.

4.     Upon information and belief and at all relevant times, Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA and is subject to the requirements of the FDCPA.

5.     Upon information and belief, Defendant was attempting to collect a "debt" from Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

6.     Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

7.     Indeed, upon information and belief, on a website maintained by Defendant at the URL address of www.crsresults.com, Defendant informs visitors to the site, "Commercial Recovery Systems (CRS) is a receivables management company offering a performance-based, third party solution for managing and collecting delinquent accounts" Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, this Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

**FACTS**

10. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. Plaintiff allegedly incurred a debt to Main Street Acquisition Co./Citi Serv Auto Loan, resulting from a repossessed 2006 Chevy Cobalt (referred to hereinafter as the "Alleged Debt").

12. Beginning in or around February 2013, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

13. On or about February 19, 2013, at or around 12:32 pm, Defendant, through its employee, Denise Hall, called Plaintiff while Plaintiff was at work, on Plaintiff's cellular phone which he uses exclusively for work purposes.

14. Defendant told Plaintiff that there was a lawsuit being filed against him, regarding a debt owed from a repossession of a 2006 Chevy Cobalt, from or around 2007/2008.

15. Defendant informed Plaintiff that he was required to make a settlement payment of $3,218.00 within two (2) days. Otherwise, Plaintiff would face a lawsuit in which he would be held liable for the initial balance of $9,193, plus additional court fees which would total to over $10,000.

16. Plaintiff had not previously received any documentation regarding the Alleged Debt or the alleged lawsuit.

17. Feeling pressured and very scared that a lawsuit will be filed against him, Plaintiff felt that he had no choice but to oblige to the settlement offer, and began searching for a way to scrounge up the money to pay the $3,218 settlement payoff.

18. Plaintiff was forced to miss a work meeting held at 1p.m. that day, as he was occupied with trying to get this settlement resolved.

19. Plaintiff tried to contact Defendant to further discuss this matter, but was not able to get through to Defendant.

20. Due to the stress and worry of trying to find a way to come up with the money, Plaintiff asked for, and obtained, permission to leave work early from his manager.

21. Later that day, on February 19, 2013, Defendant's employee, Ms. Hall, again called Plaintiff, at or about 3:34 pm.

22. Plaintiff informed Defendant that he would be settling the Alleged Debt to avoid being sued.

23. Defendant replied, that that was great, because she did not want them to send someone to his work to serve him.

24. Defendant gave Plaintiff until the following morning to gather his bank information in order to make a lump sum payment of $3,218, plus a small payment fee of about $1.50.

25. On or about February 20, 2013, Plaintiff called Defendant, at or around 9:16am, and 9:17a.m., but was directed to Defendant's voicemail.

26. On that same day, at or around 9:18a.m., Plaintiff was finally able to get through to Defendant, and he provided Denise Hall with his bank information, including his bank account number and his routing number.

27. Ms. Hall took down the information provided by Plaintiff, responded that she would now have to get approval from her superior to approve the settlement, and further explained that it would take a few hours to get approved.

28.     Plaintiff immediately became suspicious. He thought that if this was an urgent matter like Defendant made it out to be, then Defendant would process his payment immediately.

29.     At or around 11:15am that same day, Plaintiff called Defendant to verify that the account information he provided was correct, and that his payoff would be taken care of, but was put through with Ms. Hall's voicemail.

30.     Later that day, after conferring with a friend, Plaintiff once again called Ms. Hall and explained to her that he did not feel comfortable about the whole ordeal, as he had not received any proof of the Alleged Debt in writing, and something did not sit right with him.

31.     Plaintiff requested a letter showing that he owed the Alleged Debt.

32.     In the meantime, Plaintiff told Defendant that he did not authorize the payment because he had not received anything in writing to prove that he owed the Alleged Debt, that Defendant is entitled to collect on the debt, and the whole collection and lawsuit threat seemed dubious.

33.     Defendant sent Plaintiff an email purporting to be proof that Plaintiff owed the Alleged Debt.

34.     The Alleged Debt still seemed suspicious to Plaintiff, because while the letter did discuss a settlement option, it did not demonstrate that the debt really did exist, or that Defendant had a right to collect the Alleged Debt.

35.     The letter was the first written communication to Plaintiff and failed to provide Plaintiff with a 30-day validation notice.

36.     In fact, the letter, dated February 20, 2013, demanded immediate settlement by February 22, 2013, which overshadowed Plaintiff's right to dispute the Alleged Debt within 30 days (See letter, attached hereto and incorporated herein by reference as "Exhibit A").

37.    Defendant's threatening conduct and abusive and disturbing behavior was extremely demeaning to Plaintiff, and an invasion of Plaintiff's privacy and confidentiality rights.

38.    The calls from Defendant to Plaintiff's while he was at work, as well as the baseless lawsuit threats, put Plaintiff's career in jeopardy and aggravated Plaintiff, forcing him to scramble for funds and take time off work to do so.

39.    Upon information and belief, Defendant is not an attorney, could not sue Plaintiff, and never intended to sue Plaintiff.

40.    As a result of the Defendant's deceptive, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

41.    As a direct consequence of Defendant's unlawful acts, unfair practices, and improper conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692d(2)

42.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43.    Defendant violated 15 U.S.C. §1692d(2) in that Defendant used abusive and threatening language in an attempt to scare Plaintiff into paying the Alleged Debt when it demanded an immediate settlement and threatened that non-compliance would result with a lawsuit.

44.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692e(2)

45. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. Defendant violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount, and/or legal status of the debt, by stating that the debt was collectable, when upon information and belief it was not, and by stating that the account was about to be filed as a legal action, when upon information and belief, Defendant was not an attorney and did not intend to sue on the Alleged Debt.

47. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692e(3)

48. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. Defendant violated 15 U.S.C. §1692e(3) in that Defendant misrepresented itself as an attorney by stating that it would sue Plaintiff if he did not make a settlement within the next two (2) days.

50. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692e(5)

51. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52. Defendant violated 15 U.S.C. §1692e(5) in that Defendant stated that Plaintiff would be sued, when it did not intend to do so and could not legally do so.

53. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. §1692e(10)

54. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55. Defendant violated 15 U.S.C. §1692e(10) in that Defendant used false representations and deceptive means in an attempt to collect the Alleged Debt when it represented that it was collecting a valid debt, and that it would sue Plaintiff unless Plaintiff settled within two days.

56. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. Defendant violated 15 U.S.C. §1692f(1) in that upon information and belief, Defendant attempted to collect an amount it had no right to collect, as their was no agreement creating the Alleged Debt and Defendant did not own this debt.

59. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)

60. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

61. Defendant violated 15 U.S.C. §1692g(a) in that Defendant failed to provide Plaintiff with a written 30-day notice of validation notice within five days after the initial communication. In addition, Defendant also overshadowed Plaintiff's right to a validation period by compelling him to settle immediately, within two days, and threatening to sue Plaintiff if he did not settle.

62. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### EIGHTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)(3)

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "62" herein with the same force and effect as if the same were set forth at length herein.

64. Defendant violated 15 U.S.C. §1692g(a)(3) in that Defendant failed to provide Plaintiff with written notice that he has the right to dispute the Alleged Debt within thirty days.

65. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

66. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Bustillos demands judgment from the Defendant Commercial Recovery Systems, Inc. as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
April 15, 2013

                              Respectfully submitted,

                By:  __s/ Jacob J. Scheiner_____
                        Jacob J. Scheiner, Esq.
                        Fredrick Schulman & Associates
                        Attorneys at Law
                        Attorney for Plaintiff
                        30 East 29TH Street
                        New York, New York 10016
                        (212) 796-6053